UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Shekeira Williams; Donald Williams, et al.,

    Plaintiffs,

v.

Luis S. Spencer, Commissioner
of Correction; Bruce Gelb, Superintendent
of Souza Baranowski Correctional Center;
Osvaldo Vidal, Deputy Superintendent of
Operations; Lesly Pierre, Correctional
Officer; Brian McDonald, Director of Security;
Nestor Cruz, Lieutenant of Inner Perimeter
Security; Larry Amblo, Sergeant of Inner Perimeter
Security, et al.,

    Defendants.

Verified Civil Complaint and Jury Demand

## I. INTRODUCTION

This is a civil action brought by the Plaintiffs against the Defendants for violation their civil rights when the Plaintiff Donald Williams' wife, Shekeira Williams was barred from visiting him for one year without substantive evidence of any wrongdoing, and detained her for a period of time along with the police and charging her for introducing contraband into the facility without proof. Mr. Williams is suffering whereas he is being denied his right to see his wife and children where there is no evidence to support their reason for barring his wife to enter the facility to visit. The Defendants violated the Plaintiffs state and federal constitutional rights, along with substantive state laws.

## II. JURISDICTION

Jurisdiction is invoked upon this court pursuant to 28 U.S.C. §§ 1331, 1332, 1334, and 42 U.S.C. § 1983.

III. PARTIES

1. The Plaintiff, Shekeira Williams, is the wife of Plaintiff, Donald Williams, is and was at all times relevant to this complaint.

2. The Plaintiff, Donald Williams, is and was at all times relevant to this complaint.

3. The Defendant, Luis S. Spencer, is the Commissioner of Correction, is and was at all times relevant to this complaint and is being sued in his official and individual capacity.

4. The Defendant, Bruce Gelb, is the Superintendent at Souza Baranowski Correctional Center (hereinafter "SBCC"), is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

5. The Defendant, Osvaldo Vidal, is the Deputy Superintendent of Operation at SBCC, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

6. The Defendant, Lesly Pierre, is a Correctional Officer at SBCC, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

7. The Defendant, Brian McDonald, is the Director of Security at SBCC, is and was at all times relevant to this complaint, and is being sued in his official and individual

capacity.

8. Nestor Cruz, the Defendant, is the Lieutenant of the Inner Perimeter Security Squad (hereinafter "IPS"), is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

9. The Defendant, Larry Amblo, is the Sergeant of the IPS, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

## IV. STATEMENT OF THE FACTS

10. On June 3, 2012, Shekeira Williams ("Mrs. Williams") went to visit her husband, Donald Williams ("Mr. Williams") at SBCC in the Special Management Unit (Hereinafter "SMU"), where, at the time, he was being held.

11. Mrs. Williams arrived at the facility around 6:30 p.m., where she was processed and searched. She arrived in the SMU area, along with another woman and was seated awaiting the visits to enter the non-contact visiting area.

12. While Mrs. Williams and the other woman was waiting, an officer came out in the area to the third visiting booth and pulled out a chair, and there was a package containing drugs in the seat.

13. The officer pulled out the chair for a third woman who was also visiting someone in the SMU. After this discovery, he left the area and then returned and had us all leave. Mrs. Williams, along with the other woman, was brought

downstairs. They were asked questions and Mrs. Williams answered them all truthfully. She had nothing to hide.

14. While the questions were being asked, Mrs. Williams believed that they said they also found two more drug packages taped under the desk area of the other booth (not the one Mrs. Williams was in or the other woman). Mrs. Williams and the other woman were read their Miranda rights, and the State Police came and had Mrs. Williams and the other woman sign warrants/waivers to search her car and the other woman's.

15. Mrs. Williams complied without any difficulty and she said that they could strip search her, if they want. Nothing was found on Mrs. Williams.

16. Mrs. Williams was told that she was now barred from seeing Mr. Williams, and she received a court summons to go to court to face charges for some drugs she had no knowledge about.

17. Mrs. Williams was humiliated by the guards and the police, and barred for no reason.

18. Mr. Williams now suffers greatly because he cannot see his wife and children and he has filed grievances on the mistreatment of his wife upon entering the facility. See Exhibit A. And he wrote the then Superintendent, Anthony Mendonsa about the mistreatment of his wife. See Exhibit B.

19. Mr. Williams also wrote a letter to the Commissioner of Correction and he received no response. See Exhibit C.

20. On June 4, 2012 a "Notice of Barred Visitor" was sent to then Ms. Shekeira Springer (now Mrs. Williams) barring her for a year with no supporting evidence. Exhibit D. Mrs. Williams wrote Superintendent Mendonsa appealing to be reinstated, but her request was denied by the now Superintendent, Bruce Gelb. See Exhibit E.

21. Mrs. Williams wrote Superintendent Spencer, Exhibit F, and she also sent a demand letter to Martha Coakley. Exhibit G.

22. Nestor Cruz and Sgt. Amblo investigated this matter and came to the conclusion to have Mrs. Williams barred, and the Defendant McDonald supported their findings although there was no evidence of any wrongdoing by Mrs. Williams or Mr. Williams to deprive her of the right to see her husband along with their children.

23. Lesly Pierre did not perform his duty in checking the visitin area upon each visits, and had the Plaintiffs wrongfully accused of violating prison rules with no proof.

## V. CAUSE OF ACTION

The Plaintiffs realleges and reaffirms paragraphs 1-23, and incorporate them into this cause of action.

24. Defendants Spencer, Gelb, Vidal, Pierre, McDonald, Cruz, and Amblo are all liable to Plaintiff Mrs. Williams, whereas she was barred without any supporting proof or facts that she was the one responsible for the drugs in the booth that were found, whereas there were nine other visitors to the facility before her visit, and she was detained, searched and humiliated in violation of her rights pursuant to Mass. Gen. Law Ch. 127 §§ 36, 37, the 5th, 8th and 14th Amendments to the United States Constitution, and acting under color of law, violated 42 U.S.C. § 1983.

25. Defendants Spencer, Gelb, Vidal, Pierre, McDonald, Cruz, and Amblo are all liable to Plaintiff Mr. Williams, whereas his wife was barred and humiliated by the Defendants without any facts or supporting proof that she was the one responsible for the drugs found in the booth, and he cannot see his wife or children for at least a year due to the Defendants actions, violating his rights pursuant to 8th and 14th Amendments to the United States Constitution, and acting under color of law, violated 42 U.S.C. § 1983.

## VI. PRAYER FOR RELIEF

Wherefore, the Plaintiffs prays that this court grants the following relief:

A) Grant the Plaintiffs a declaratory judgment declaring their rights, and Order:

1. The Defendants have violated the Plaintiffs rights, and that Mrs. Williams visits were barred without any supporting facts or evidence and must be reinstated immediately.

B)  Award Mrs. Williams, jointly and severally against each defendant, punitive damages in the amount of $50,000.00 for the humilation and suffering endured at the hands of the defendants, and for the days she will not be able to visit her husband with the children.

C)  Award Mrs. Williams, jointly and severally against each defendant, compensatory damages in the amount of $30,000.00, for pain and suffering and for the time she will have to take off from work to deal with the court case she received because of this.

D)  Award Mr. Williams, jointly and severally against each defendant, punitive damages in the amount of $200.00 per day he is unable to see his wife and children, and $25,000.00 for not being able to see his wife and children.

E)  Award Mr. Williams, jointly and severally against each defendant, compensatory damages in the amount of $20,000.00 for not being able to see his children.

F)  Plaintiffs demands a trial by jury.

G)  Award the Plaintiffs court costs and attorney fees.

H)  Grant the Plaintiffs any other relief this court deems just and equitable.

## VERIFICATION

We, the undersigned, verify under the penalties of perjury that the facts stated herein are true and accurate.

Respectfully Submitted,

__Donald Williams Jr__                __Shekeira Springer Williams__
Donald Williams, Jr., pro se     Shekeira Williams, pro se
SBCC                             16 Stockton Street
P.O. Box 8000                    Dorchester, Ma. 02124
Shirley, Ma. 01464


Dated: 1.8.2013