UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEKEIRA WILLIAMS and DONALD WILLIAMS, <br>     Plaintiffs, <br><br> v. <br><br> LUIS S. SPENCER, et al. <br>     Defendants. | C.A. No. 13-10083-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court denies without prejudice the plaintiffs motions for leave to proceed *in forma pauperis* and for appointment of counsel.

### I. Background

On January 14, 2013, Shekeira Williams ("Shekeira") and her husband Donald Williams ("Donald"), who is a prisoner, filed a self-prepared complaint, motions for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. The plaintiffs allege that Shekeira has been wrongfully prohibited from visiting her husband after prison officials falsely accused her of trying to introduce drugs into the prison.

Each of the plaintiffs filed a motion for leave to proceed *in forma pauperis* using a standardized form. In Shekeira's motion, she states that she is employed but did not identify her employer or her wages. In another section of the form she states that she receives $1,000/month from JetBlue Airways, but she does not identify it as employment income. She did not complete or sign the second side of the form, so the Court does not have any information about her assets. In Donald's motion, he represents that he is not employed at the prison but does receive money in the form of gifts from family and friends. He does not specify the amount of the gifts. He did

not sign the motion or include a prison account statement.

## II.     Discussion

### A.     Motions to Proceed *In Forma Pauperis*

A party bringing a civil action must either (1) pay the $350.00 filing fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  A motion to proceed *in forma pauperis* must include "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  A litigant submitting such an affidavit "exposes himself to 'the pains of perjury in a case of bad faith.'" *Rowland v. California Men's Colony*, 506 U.S. 194, 205 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948)).  "The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own . . . ." *Id.*

Where the plaintiff is a prisoner, the motion to proceed *in forma pauperis* must be accompanied by "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  The Court then assesses, and when funds exist, collects from the prisoner an initial partial filing fee of twenty percent of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(b)(1).  The prisoner pays the rest of the filing fee over a

period of time.  *See* 28 U.S.C. § 1915(b)(2).[1]

Here, both of the motions to proceed *in forma pauperis* fail to meet the requirements of 28 U.S.C. § 1915(a).  Shekeira failed did not clearly identify her employment income.  Further, she did not complete the second side of the form motion, which asks the applicant to identify her assets.  Without this information, the Court cannot determine whether the she qualifies for *in forma pauperis* status.  Donald failed to include the six-month prison account statement required under 28 U.S.C. § 1915(a)(2).  Without this statement, the Court cannot determine whether he is unable to prepay his portion of the filing fee[2] or calculate and assess an initial partial filing fee.  Finally, because neither party signed their motion, the motions do not satisfy the affidavit requirement of  28 U.S.C. § 1915(a)(1).

B.        **Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional

---

[1]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

[2]Where multiple plaintiffs seek *in forma pauperis* status, it is the Court's practice to allocate the filing fee evenly between all parties.  If the Court later allows Donald to proceed *in forma pauperis*, he will be required to pay his half of the filing fee ($175) over time.

circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

Here, because the defendants have not responded to or even been served with the complaint, the Court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of pro bono counsel. The Court will therefore deny without prejudice the motion for appointment of counsel. The plaintiffs may renew the motion after the filing fee has been resolved and the defendants have been served with and have responded to the complaint.

### III.     Conclusion

Accordingly:

1. The motions for leave to proceed *in forma pauperis* (# 2, #4) are DENIED WITHOUT PREJUDICE.

2. If Shekeira Williams would like to pursue this action she must, within thirty-five (35) days of the date of this order, either (1) pay her portion of the filing fee ($175); or (2) file a new motion for leave to proceed *in forma pauperis* that complies with the above-discussed requirements. Failure to comply with this directive will result in dismissal of Shekeira as a plaintiff in this action.

3. If Donald Williams would like to pursue this action he must, within thirty-five (35) days of the date of this order, either (1) pay his portion of the filing fee ($175); or (2) file a

new motion for leave to proceed *in forma pauperis* accompanied by the required prison account statement.  Failure to comply with this directive will result in dismissal of Donald as a plaintiff in this action.

      4.      The Clerk shall also send a copy of this order to the Treasurer's Office at the prison facility in which Donald is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement.

      5.      The Clerk shall provide each plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

      6.      The motion for appointment of counsel (#5) is DENIED WITHOUT PREJUDICE.

      7.      Summonses shall not issue pending resolution of the filing fee and an initial screening of the complaint.

**So ordered.**

    /s/ Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: January 17, 2013