UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10083-FDS

SHEKEIRA WILLIAMS, et al., pro se,
    Plaintiffs,
v.

LUIS SPENCER, et al.,
    Defendants.

## ANSWER OF DEFENDANTS SPENCER, GELB, MCDONALD, CRUZ, AMBLO, AND PIERRE

NOW come Massachusetts Department of Correction defendants, Commissioner Luis Spencer; Souza-Baranowski Correctional Center ("SBCC") Superintendent Bruce Gelb; Director of Security Brian McDonald; Lieutenant Nestor Cruz; Sergeant Lawrence Amblo; and Correction Officer Lesley Pierre (collectively as "Defendants"),[1] and answer as follows:

### INTRODUCTION

The allegations contained in this paragraph are by way of an introductory statement to which no response is required.

### JURISDICTION

The allegations contained under this heading are conclusions of law to which no response is required.

### PARTIES

1.    Defendants admit that Shekeira Williams is a plaintiff in this action. Defendants deny that she was the wife of plaintiff Donald Williams at all times relevant to this Complaint.

---

[1] Deputy Superintendent Osvaldo Vidal has not been served in this matter. See Docket Sheet.

2.      Defendants admit that Donald Williams is a plaintiff in this action.

3.      Defendants admit that Luis Spencer is the Commissioner of the Department.  The remaining allegations are statements of law to which no response is required.

4.      Defendants admit that Bruce Gelb is the SBCC Superintendent.  The remaining allegations are statements of law to which no response is required.

5.      Defendants admit that Osvaldo Vidal is the SBCC Deputy Superintendent of Operations.  The remaining allegations are statements of law to which no response is required.

6.      Defendants admit that Lesly Pierre is a Correction Officer at SBCC.  The remaining allegations are statements of law to which no response is required.

7.      Defendants admit that Brian McDonald is the Director of Security at SBCC.  The remaining allegations are statements of law to which no response is required.

8.      Defendants admit that Nestor Cruz is the Inner Perimeter Security ("IPS") Lieutenant at SBCC.  The remaining allegations are statements of law to which no response is required.

9.      Defendants admit that Lawrence Amblo is the IPS Sergeant at SBCC.  The remaining allegations are statements of law to which no response is required.

## STATEMENT OF FACTS

10.     Defendants admit that plaintiff Shekeira Williams, then Shekeira Springer, went to visit plaintiff Donald Williams at SBCC in a Special Management Unit ("SMU").

11.     Defendants admit that plaintiff Shekeira Williams, then Shekeira Springer, was processed and pat searched after arriving at SBCC.  She was escorted to the visitor side

of the non-contact visiting room in the South SMU area along with another female visitor ("Visitor # 1"), and both were seated. Defendants are without sufficient information as to the remainder of the allegations contained in this paragraph.

12. Defendants admit that a Correction Officer came into the visitor side of the South SMU non-contact visiting room and pulled out the chair to visit booth # 3. A package containing what appeared to be drugs was on the seat of the chair.

13. Defendants admit that the Correction Officer pulled out the chair to visit booth # 3 for a third female visitor. Defendants admit that after discovering the package, the Correction Officer left the room and then returned, and all three visitors were escorted to the Lobby. Defendants admit that plaintiff Shekeira Williams, then Shekeira Springer, and Visitor # 1 were both questioned in the Roll Call room. Defendants are without sufficient information as to the remainder of the allegations contained in this paragraph, and they are, therefore, denied.

14. Defendants admit that two more packages were discovered taped to the underside of visit booth # 3. Defendants admit that two State Troopers arrived, and both plaintiff Shekeira Williams, then Shekeira Springer, and Visitor # 1 were given their Miranda rights. Defendants admit that both plaintiff Shekeira Williams, then Shekeira Springer, and Visitor # 1 signed forms consenting to have their automobiles searched.

15. Defendants admit that plaintiff Shekeira Williams, then Shekeira Springer, consented to a strip search. Defendants deny, however, that plaintiff Shekeira Williams, then Shekeira Springer, was strip searched.

16. Defendants admit that plaintiff Shekeira Williams, then Shekeira Springer, was told that she would not be allowed to enter any Department facility until she is given

permission by the SBCC Superintendent.  Defendants are without sufficient information as to the remainder of the allegations contained in this paragraph, and they are, therefore, denied.

17.     Denied.

18.     Defendants admit that plaintiff Donald Williams filed a grievance and wrote a letter to the Superintendent.  Further, the documents speak for themselves. Defendants deny the remainder of the allegations contained in this paragraph.

19.     Defendants admit that plaintiff Donald Williams wrote a letter to the Commissioner.  Defendants deny that plaintiff Donald Williams received no response; the letter was referred to the Superintendent, who responded to said letter.

20.     Defendants admit that the Superintendent sent plaintiff Shekeira Williams, then Shekeira Springer, a Notice of Barred Visitor letter.  Defendants admit that Shekeira Williams, then Shekeira Springer, appealed to the Superintendent, and that appeal was denied.  Further, the documents speak for themselves. Defendants deny the remainder of the allegations contained in this paragraph.

21.     The documents speak for themselves.

22.     Denied.  Further, pursuant to 103 CMR 483.16, Exclusion of Visitors, the Superintendent makes the determination with regard to the barring of a visitor.

23.     Denied.

### CAUSE OF ACTION

The allegations contained under this heading are conclusions to which no response is required.

**PRAYER FOR RELIEF**

The allegations contained under this heading are by way of conclusion to which no response is required.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendants are not responsible for any loss or injury allegedly suffered by plaintiffs, if any loss or injury, in fact, occurred.

3. Plaintiffs' allegations fail to rise to the level of constitutional violations.

4. Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

5. Defendants are entitled to qualified immunity.

6. Plaintiff has failed to exhaust all available administrative remedies prior to filing suit.

7. Because of their own acts or omissions, plaintiffs are estopped from raising any of the claims they may have against Defendants for any of the matters asserted in their Complaint.

8. Defendants at all times acted reasonably, in good faith, within their official discretion, and not in disregard of settled principles of constitutional law with respect to all matters alleged in plaintiffs' Complaint.

9. Plaintiffs' claims are moot.

Defendants reserve the right to supplement their Answer with additional affirmative defenses.

DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                        Respectfully submitted,

                                        NANCY ANKERS WHITE
                                        Special Assistant Attorney General

DATED:  June 12, 2013            /s/ C. Raye Poole
                                        C. Raye Poole
                                        B.B.O. # 632719
                                        Department of Correction
                                        Legal Division
                                        70 Franklin Street, Suite 600
                                        Boston, MA 02110
                                        (617) 727-3300 ext. 147
                                        CRPoole@doc.state.ma.us

                                        Certificate of Service

      I, C. Raye Poole, counsel for the above named defendants, hereby certify that on this 12th day of June 2013, I served a copy of the above motion by first class mail, postage prepaid, on the plaintiff, Donald Williams, W-97372, at his last known address, SBCC, P.O. Box 8000, Shirley, MA  01464, and on the plaintiff, Shekeira Williams, at her last known address, 16 Stockton Street, Dorchester, MA  02124.

                                        /s/ C. Raye Poole
                                        C. Raye Poole