UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10083-FDS

SHEKEIRA WILLIAMS, et al., pro se,
    Plaintiffs,
v.

LUIS SPENCER, et al.,
    Defendants.

    UNITED STATES

**DEFENDANTS' OPPOSITION TO PLAINTIFF SPRINGER'S MOTION FOR APPOINTMENT OF COUNSEL**

Massachusetts Department of Correction defendants, Commissioner Luis Spencer; Souza-Baranowski Correctional Center ("SBCC") Superintendent Bruce Gelb; Director of Security Brian McDonald; Lieutenant Nestor Cruz; Sergeant Lawrence Amblo; and Correction Officer Lesley Pierre ("Department Defendants"),[1] hereby oppose plaintiffs' motion for appointment of counsel (Doc. No. 32) for the reasons that follow.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs initiated the instant litigation on January 14, 2013 (Doc. No. 1). Plaintiff Shekeira Springer ("Springer") is a private citizen, and plaintiff Donald Williams ("Williams") is incarcerated with the Department. On January 14, 2013 plaintiffs filed a motion to appoint counsel, which was denied without prejudice. (Doc. Nos. 5, 6.) On August 26, 2013 Springer filed a second motion to appoint counsel, which was also denied without prejudice. (Doc Nos. 29, 30.) Springer has now filed a third motion to appoint counsel. (Doc. No. 32.)

---

[1]     Deputy Superintendent Osvaldo Vidal has not been served in this matter. See Docket Sheet.

This case concerns the barring of Springer from visiting Williams for one year as a result of an incident that occurred on June 3, 2012 at SBCC.  Specifically, drugs were found in the visitor side of a non-contact visiting area while Springer was visiting Williams.  (Incident Report # 1001041, attached hereto as Ex. A.)

**ARGUMENT**

It is well established that "there is no constitutional right to appointment of counsel in a civil case."  Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (citing Andrews v. Bechtel Power Corp. and Local 276, Plumbers and Pipefitters Union, 780 F.2d 124, 137 (1st Cir. 1985)).  The Supreme Court, upon reviewing an indigent's right to appointment of counsel generally, noted that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation."  Lassiter v. Department of Social Serv., 452 U.S. 18, 25 (1981).

Instead, Section 1915(d) of Title 28 "gives the district court discretion to appoint counsel ... in appropriate circumstances."  Cookish, 787 F.2d at 2.  The First Circuit requires that "an indigent litigant must demonstrate *exceptional circumstances* in his or her case to justify the appointment of counsel."  Id.  Some factors which may bear on the question include "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim, Peterson v. Nadler, 452 F.2d 754, 758 (8th Cir. 1971); the complexity of the factual and legal issues involved, Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983); and the capability of the indigent litigant to present the case, Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)."  Id. at 3.

Springer's motion fails to establish "exceptional circumstances." Counsel for the Department has been unable to verify the allegations that plaintiffs' jailhouse lawyer's mail has been somehow circumvented from reaching Springer. Springer, however, can certainly propound her own discovery requests. Springer has not shown that she is unable to conduct a factual investigation into this claim on her own or to research said matter.[2]

Accordingly, as there are no exceptional circumstances meriting appointment of counsel, and as plaintiffs have no constitutional right to counsel in this civil matter, the Department Defendants request that the motion for appointment of counsel be denied for the reasons set forth herein.

## CONCLUSION

WHEREFOR, the Department Defendants respectfully request that this Court DENY Springer's motion to appoint counsel.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED: October 22, 2013

/s/ C. Raye Poole
C. Raye Poole
B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147
CRPoole@doc.state.ma.us

Certificate of Service

---

[2]   In addition, Williams has law library access at SBCC.

3

   I, C. Raye Poole, counsel for the above named defendants, hereby certify that on this 22nd day of October 2013, I served a copy of the above motion by first class mail, postage prepaid, on the plaintiff, Donald Williams, W-97372, at his last known address, SBCC, P.O. Box 8000, Shirley, MA 01464, and on the plaintiff, Shekeira Springer, at her last known address, 16 Stockton Street, Dorchester, MA 02124.

           /s/ C. Raye Poole
           C. Raye Poole