103 CMR 483.00:     VISITING PROCEDURE

483.01     Purpose
483.02     Statutory Authorization
483.03     Cancellation
483.04     Applicability
483.05     Access to 103 CMR 483.00
483.06     Definitions
483.07     Institution Visiting Rules and Procedures
483.08     Department Standards for Institution Rules and Procedures
483.09     Visiting Area Officer
483.10     Separate Housing Units
483.11     Who May Visit an Institution
483.12     Identification and Sign-In Requirements
483.13     Smuggling Prohibited
483.14     Searches of Visitors
483.15     Conduct of Visitors
483.16     Exclusion of Visitors
483.17     Visiting Records
483.18     Time Limits
483.19     Emergencies
483.20     Responsible Staff
483.21     Annual Review
483.22     Severability

483.01     Purpose

The purpose of 103 CMR 483.00 is to establish rules and regulations governing visiting at state correctional institutions which reflect both the importance of prison visitation and the need for security and order in administering a visiting program.

483.02     Statutory Authorization

103 CMR 483.00 is promulgated pursuant to M.G.L., c. 124, §§1 (b), (c), (q), M.G.L. c. 268, § 31 and M.G.L. c. 127, §§ 36 and 37.  103 CMR 483.00 is not intended to confer any private right of action or any procedural or substantive rights not otherwise granted by state or federal law.

483.03     Cancellation

103 CMR 483.00 cancels all previous departmental policy statements, bulletins, directives, orders, notices, rules or regulations regarding visiting; to the extent they are

inconsistent with 103 CMR 483.00, except that they do not



6/4/04                                              103 CMR -

Case 1:13-cv-10083-FDS   Document 41-3   Filed 12/02/13   Page 2 of 16

103 CMR: DEPARTMENT OF CORRECTION

cancel 103 CMR 486.00: *Attorney Access Regulations*, 103 CMR 131.00: *Media Access Regulations*, 103 CMR 485.00: *Volunteer Regulations,* or 103 CMR 421.00, *Department Segregation Units.*

483.04   Applicability

103 CMR 483.00 is applicable to all employees, visitors and inmates at all state correctional institutions. They shall apply to all visits including those by attorneys, law students, paralegals, clergy, media, volunteers and tour groups, and to special events at correctional institutions, in which outsiders are allowed to participate, except where Department regulations specifically addressing those subjects provide otherwise.

483.05   Access to 103 CMR 483.00

103 CMR 483.00 shall be maintained within the Central Policy File of the Department and will be accessible to all Department employees. A copy of 103 CMR 483.00 shall also be maintained in each Superintendent's Central Policy File and at each inmate library.

483.06   Definitions

Commissioner - The Commissioner of Correction.

Dress Code for Inmates on Visit - Clothing worn by the inmate while the inmate is on a visit. Each superintendent shall describe the dress code for visits in the inmate rules and regulations.

Holiday - New Year's Day, Martin Luther King Day, Washington's Birthday, Evacuation Day (Suffolk County), Patriot's Day, Memorial Day, Bunker Hill Day (Suffolk County), Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day.

Personal Search - A search of an individual's person including a body frisk and the examination of pockets, shoes and cap. It does not include the removal or opening of any of the person's clothing, except of the articles listed above and outer clothing (i.e., jacket).

Probable Cause - Facts and circumstances which would lead a reasonable and prudent person to believe that:

(a) A crime has been committed, is being committed, or is about to be committed;
(b) A particular item or items of seizable evidence of that

crime presently exists; and
(c) The item or items are presently in the location to be searched.

Separate Housing Units - An area of an institution that is designated for one of the following uses: Administrative Segregation, Special Behavioral Management, Protective Custody or Disciplinary Detention.

Strip Search - A search in which a person removes all clothes. A strip search may include a visual inspection of a person's oral, anal or vaginal cavity.

Superintendent - The chief administrative officer of a state correctional institution.

Visiting Area - That area within an institution which is designated for visits between inmates and visitors.

Visiting Area Officer(s) - The officer(s) assigned to the visiting area to maintain security and supervision.

Visitor (Inmate) - Any person requesting entrance into a correctional institution's visiting room or other approved visiting area for the sole purpose of conducting a social visit with an inmate incarcerated within any state correctional institution.

Visitor (Institutional) - Any person requesting entrance into a correctional institution to conduct official business such as, but not limited to: contractors; vendors; repairmen; facility tours; media; volunteers; and, persons wishing to provide services to inmates or to examine or report on inmate conditions.

Visual Inspection - The visual observation of an individual without clothing.  The inspection may require the removal of items such as, but not limited to, dentures and sanitary napkins and may require the visitor to bend or move in a manner to facilitate visual inspection.

483.07    Institution Visiting Rules and Procedures

(1) Each Superintendent shall, subject to the approval of the Commissioner or a designee, develop written institutional visiting rules and procedures which, although tailored to the particular institution, and/or to specific populations within that institution, are consistent with 103 CMR 483.00.  The institution rules shall be submitted to the appropriate reviewing authority within 60 days of receipt of 103 CMR

483.00.  At a minimum, institutional rules shall specify the following aspects of visiting at the institution.

    (a)  Facility address/phone number, directions to facility and information about local transportation;
    (b)  Identification requirements;
    (c)  Institutional visiting periods, i.e.,; days of the week and hours when visiting is permitted;
    (d)  Any limitations on the number of weekly visits an inmate may have;
    (e)  Any limitation on the duration of a single visit;
    (f)  Any limitations on the number of persons who may visit an inmate at any one time;
    (g)  Procedures when an inmate is in isolation or otherwise unable to receive visits, for the inmate's visitor to be notified by the inmate or inmate's caseworker;
    (h)  Procedures, consistent with the Personal Property Regulations (103 CMR 403.00), or the Inmate Funds Procedure (103 DOC 405.00), for submitting approved parcels and funds to inmates.
    (i)  Procedures for checking personal effects before entering the visiting area;
    (j)  Any security precautions that visitors are required to take, e.g.; locking cars;
    (k)  Any specific items or types of clothing which may not be worn by visitors;
    (l)  Special rules for children;
    (m)  Any special visit allowances (e.g., family emergencies);
    (n)  A statement that the carrying of guns or other weapons, controlled substances, alcohol, or any other article whatsoever into or out of the institution may result in loss of visiting privileges as well as criminal prosecution.  In addition to appearing in the institution's rules and procedures, this statement shall be posted on a sign in English and in Spanish which shall be conspicuously displayed in the institution lobby or other entrance;
    (o)  A list of those articles which visitors may never carry into the institution;
    (p)  A list of those articles, if any, which the superintendent permits to be carried in or out.  Money and jewelry should be specifically listed either as items which visitors may take in, pursuant to 103 CMR 483.07 (1)(k), or as items which may not be taken into the institution;
    (q)  A statement regarding the prohibition of smoking or possession of tobacco and tobacco related products;
    (r)  Designate an area where offenders have access to

counsel and confidential contact with attorneys and their representatives; and

(s) Procedures to provide an area that is private and separate from the visiting area in order to reasonably accommodate a nursing mother's request to nurse her infant child.

(2) A copy of the institution's visiting rules and procedures shall be made available to any visitor who requests one.

483.08   Department Standards for Institution Rules and Procedures

(1) Each Superintendent shall attempt to maximize the number of days, and hours that visiting is permitted, the allowable length of a single visit, the number of weekly visits that an inmate may have, and the number of persons who may visit an inmate simultaneously.

(2) Each Superintendent shall determine the degree of informality during visits, consistent with the institution's overall security requirements. Devices that preclude physical contact should be avoided except in instances of substantiated security risk as determined by the Superintendent or designee. The determination may include general areas of an institution as opposed to individual inmate risk, for example, Block 10, isolation, etc.

(3) Visiting rules and regulations for inmates shall be posted in each block or living unit of the institution and shall include, but not be limited to, visiting hours and dress code.

(4) Each institution's rules and procedures shall provide at least three visiting periods per week, with at least one period on a weekday evening, and at least one period on the weekend. At least one visiting period shall be provided on any holiday. (See definition of holiday, 103 CMR 483.06).

(5) Any disruptive action which threatens the security of the institution shall result in termination of the visit after approval of the Shift Commander. Each visiting area officer(s) shall submit a written report to the Superintendent before completing his tour of duty at that post. All details concerning the reason(s) for termination of the visit shall be noted.

(6) All institutional visiting rules shall be enforced.

(7) Each Superintendent shall post transportation schedules for public transportation in a conspicuous location at the

entrance or lobby of the institution.

483.09   Visiting Area Officer

The responsibilities of the visiting area officer include, but are not limited to:

(1)   Maintaining safety and security;

(2)   Enforcing the institution's policy and procedures on visiting;

(3)   Maintaining cleanliness and sanitation in the visiting room;

(4)   Appropriately greeting and providing information to visitors;

(5)   Supervising the inmates and visitors.

483.10   Separate Housing Units

Each Superintendent shall develop institutional policy and procedures for separate housing units under his jurisdiction which shall include but not be limited to:

(1)   Designation of an area for visiting.

(2)   Provision for devices, if any, that preclude physical contact, which may be necessary to satisfy security requirements.

(3)   Provision for the time, length and frequency of visits per week.

(4)   Provisions for special visits from attorneys and members of the clergy.

(5)   Special visiting provisions, including advanced scheduling by appointment, where necessary.

483.11   Who May Visit an Institution

(1)   It is the policy of the Department of Correction not to restrict visiting to prescribed classes of persons such as inmates' relatives or friends, or prior acquaintances.

Notwithstanding this general policy, the Superintendent of the Lemuel Shattuck Hospital Correctional Unit or of any

reception diagnostic center may limit visiting to family members, and attorneys and others visiting in a professional capacity.

(2) The following restrictions on who may visit do apply:
  (a) By statute (M.G.L. c.127, §36), no person except the Governor, a Member of the Governor's Council, a Member of the General Court, a Justice of the Supreme Judicial, Superior or District Court, the Attorney General, a District Attorney, the Commissioner, a Deputy Commissioner of Correction, a Member of the Parole Board, or a Parole or Probation Officer may visit a state correctional institution without the permission of the Superintendent or the Commissioner.
  (b) By statute (M.G.L. c. 127, §37) the superintendent may refuse admission to a person who has permission to visit if, in the superintendent's opinion, such admission would be injurious to the best interests of the institution.
  (c) With the following exceptions, visitors may assume that they have permission to visit unless they are informed otherwise by the Superintendent or other officer of the institution, or by the Commissioner or his designees:
   1. No child who was a victim of the inmate's offense shall be authorized to visit without the authorization of the Commissioner or a designee.
   2. To gain permission to visit at a state correctional institution, a minor must:
     i. demonstrate that the minor has the consent of a parent or guardian who has physical custody; and
     ii. be accompanied by the parent or guardian having physical custody of the minor or by an adult pre-approved by the parent or guardian.

   3. No one may visit an inmate temporarily confined in an outside hospital (other than the Lemuel Shattuck Hospital Correctional Unit). Inmates who are medically determined to be in critical condition or in imminent danger of death may be allowed to have visits if the superintendent of the parent institution has provided authorization.

   4. An inmate who is paroled or otherwise released from Department of Correction custody must obtain the permission of the Superintendent before visiting an inmate who is still confined. Unless the releasee is a relative of the inmate he wishes

to visit, such permission shall not be considered until six months have elapsed from the date of release. Exceptions may be made by the Commissioner or a designee.

5. Before an inmate on furlough may visit a relative confined in another institution, the inmate must obtain the permission of both superintendents.

6. Unless the facility's rules and procedures provide otherwise, anyone wishing to visit with two or more inmates together must obtain the prior permission of the superintendent or a designee.

7. Except for the officials listed in 103 CMR 483.11 (2)(a) and except as provided by 103 CMR 486.00 for attorneys, persons wishing to visit a correctional institution to provide services to inmates or to examine or report on inmates or conditions must obtain prior permission to visit. Unless a Department regulation (e.g., 103 CMR 486.00: *Attorney Access;* 103 CMR 131.00: *Media Access;* 103 CMR 485.00; *Volunteers)* establishes a particular procedure for obtaining permission, such visitors shall apply to the superintendent.

8. Request for tours may be made either to the Superintendent or the Department's public information officer. The superintendent may approve said request and shall inform the public information officer of such a tour.

483.12    Identification and Sign-In Requirements

(1) Before being admitted to an institution, a visitor shall be required to produce identification which, in the opinion of the admitting officer(s) is adequate. A current photographic identification, such as a Massachusetts driver's license or a passport or an identification card issued by the Department of Transitional Assistance shall be sufficient. Exceptions may be made by the superintendent or a designee.

(2) An adult that is not the parent or guardian having physical custody of the minor must submit a completed minor consent form to the institution's superintendent and obtain the superintendent's approval prior to visiting with the minor.

(3)  Adults entering with a minor shall have the minor's birth certificate and if the adult is not the parent or guardian, a copy of the approved minor consent form with them each time they visit.

(4)  As a condition of entry, every visitor except the officials listed in 103 CMR 483.11 (2)(a), is required by statute to make and subscribe a statement under penalties of perjury stating true name and residence, whether or not he has been convicted of a felony and, if visiting an inmate, his relationship is by blood or marriage.  Each institution shall provide either a sign-in sheet or "request to visit inmate" forms for the purpose of 103 CMR 483.00.

(5)  If the visitor answers that he has been convicted of a felony, the visitor may be required, as a condition of entry, to provide a statement of the crime(s) for which the visitor was convicted and the sentences served.

(6)  The following persons shall not be asked to provide the statement generally required by 103 CMR 483.12 (4): the Governor, a Member of the Governor's Council, a Member of the General Court, a Justice or the Supreme Judicial, Superior or District Court, the Attorney General, a District Attorney, the Commissioner, a Deputy or Associate Commissioner of Correction, a Member of the Parole Board, a Parole or Probation Officer.  Any such officer shall be required to sign his name, state a business address and the office which brings him within the exemption from the normal sign-in requirement.

(7)  Each visitor shall be asked by the admitting officer before entrance into the institution if he has a weapon.  All weapons shall be given to the officer prior to entry to the institution. No weapon shall be returned to the visitor unless the visitor can show proof of license.

483.13    Smuggling Prohibited

(1)  It is a felony in Massachusetts for any person to deliver any article whatsoever to an inmate without the permission of the superintendent or Commissioner (or to procure an article to be delivered, to possess it with intent to deliver it, or to deposit or conceal it with intent that an inmate shall obtain it).

(2)  On entering, visitors must disclose to the admitting or searching officer(s) any article they are carrying on their person except the clothes that they are wearing.  Anyone who attempts to carry in or out of the institution any article

without the knowledge of the admitting or searching officer(s) shall be liable to arrest and loss of visiting privileges.

(3)   The provisions of 103 CMR 483.13 (1) and (2) shall be posted at the entrance of the institution.

483.14   Searches of Visitors

(1)   Each superintendent shall have posted a large sign in the lobby or other entrance warning that, "ALL VISITORS ARE SUBJECT TO BEING SEARCHED," and containing the same wording in Spanish, "TODAS LAS VISITAS ESTAN SUJETAS A REVISION."

(2)   Each superintendent shall establish a search procedure that is effective in preventing the smuggling of articles into the visiting area of the institution.  The search procedure may include as a prerequisite to admission that visitors successfully pass through a metal detector and/or scanner, and/or a personal search, and that any articles they are carrying be thoroughly searched.  Where a visitor is unable to clear a metal detector and/or scanner, the visitor may be asked to remove and submit for examination by a staff member outer articles of clothing that may be causing a high reading.  The search procedure may also include personal searches of visitors who have already passed the initial screening and proceeded into the institution.

(3)   A personal search of a visitor may not be conducted without prior authorization of the shift commander.  The visitor shall be granted the opportunity to leave the institution rather than submit to a personal search unless:
   (a)   The employee has those arrest powers granted by the authority of M.G.L. c. 127, § 127 and;
   (b)   The employee has probable cause to believe that the visitor has committed an arrestable offense; and
   (c)   The employee has probable cause to believe that the visitor has seizable evidence concealed on his person. Under these conditions, a personal search incident to arrest may be conducted.


(4)   Officers on duty at any institution may ask a visitor seeking admission to submit to a strip search, in order to assure the officers that the visitor is not smuggling any articles.
   (a)   Before conducting any such strip search, a correctional officer shall relate to his shift commander his reason for suspecting that the visitor may be carrying concealed articles.  Strip searches may take place only with the approval of the superintendent or a

designee.  If the visitor agrees to the strip search, the visitor shall record such consent by signing a log book kept for that purpose.  The searching employee shall enter the date and time of the search and sign the log as well.

(b)  The visitor shall be granted the opportunity to leave the institution rather that submit to search and may leave at any time during the strip search unless;

   1. The employee has those arrest powers granted by the authority of M.G.L. c. 127, § 127 and;
   2. The employee has probable cause to believe that the visitor has committed an arrestable offense; and
   3. The employee has probable cause to believe that the visitor has seizable evidence concealed on his person.

Under these conditions, a personal search incident to arrest may be conducted.

(c)  The officer(s) conducting any strip search shall file an incident report concerning the search with the superintendent prior to the end of the shift.  The report shall contain the name of the visitor, the names of the searching officers and of the official who approved the search, the extent of the search, and what, if anything, was found.

(5)  Employees may only conduct a visual inspection of a visitor's oral, anal or genital cavities. Any more intrusive form of search requires a search warrant.  The assistance of the District Attorney for the county in which the institution is located shall be requested in that event.

(6)  Any person refusing to submit to any aspect of the search procedure shall be denied entrance to the institution. Where the refusal occurs under circumstances indicating that the most likely motive for refusal is to prevent discovery of concealed articles, where a suspicious pattern of refusals is apparent, or where a visitor engages in offensive or assaultive behavior during the search process, his visiting privileges may be suspended or terminated.  The procedures outlined in 103 CMR 483.16, shall be followed.

(7)  Employees conducting searches shall do so in a professional and courteous manner.

(8)  Personal searches and strip searches shall be conducted by a correctional employee of the same sex as the visitor. Searches that involve removal of more than external clothing and accessories shall be conducted in private.

(9) Papers and documents carried in or out by any judge, attorney, law student, paralegal, the governor, any legislator or member of the parole board may be inspected for concealed articles but shall not be read.

483.15    Conduct of Visitors

Visitors shall be expected to dress and conduct themselves reasonably and not to engage in physical contact with inmates that is excessive or inappropriate for a public place.  Serious deviations from appropriate standards of behavior may result in administrative action such as warning, termination of a visit, or suspension or loss of visiting privileges.

483.16    Exclusion of Visitors

(1) Any visitor, even one who has obtained prior permission to visit, may be denied entrance to the institution or told to terminate a visit and leave the premises.  M.G.L. c. 266, §123 makes it a criminal trespass to refuse to leave an institution after being ordered by an officer to do so.

(2) A visitor who is denied entrance or asked to leave shall be told the reason for such action, except when it is deemed that to specify the reason might jeopardize security interests or the safety of any person.

(3) Where the problem is something that clearly can be remedied, the visitor may be told that he may return to the institution at some specified time in the near future (such as the next day or the next visiting period) or upon satisfaction of some stated condition (such as having sufficient identification or being properly dressed.)  In cases where this is not appropriate, the visitor shall be told to await notification from the superintendent before returning to the institution.

(4) The officer(s) responsible for denying entrance or terminating a visit shall, except where such denial or termination is based on prior order of the Superintendent, or on a failure to obtain prior permission to visit where such permission is required by 103 CMR 483.11, file an incident report with the Superintendent, prior to the end of the shift.  This report shall include the name of the visitor and the inmate-visitee, the time of the denial or termination and the reasons therefor.  If the visitor has been informed that he may return at some specified time in the near future or upon satisfaction of some condition, the report shall so indicate.

(5) The superintendent or a designee shall promptly review all visitor incident reports and conduct whatever factual investigation deemed necessary. After such review, and within one week of receipt of the incident report, the superintendent shall do one of the following.

    (a) In a case where the visitor has been told that he may return to the institution at some specified time or upon the satisfaction of some stated condition, the superintendent may take no action, thus allowing the resumption of visits to occur.

    (b) The superintendent may notify the visitor that he may return to the institution to resume visiting.

    (c) The superintendent may notify the visitor in writing that he may resume visiting under specified conditions.

    (d) The superintendent may notify the visitor in writing that visiting privileges are suspended for a specified period up to one year and that he may reapply for admission at the end of the period or that readmission will be automatic. The written notice shall contain a statement of the reasons for the superintendent's action except when, in the opinion of the superintendent, specifying reasons might jeopardize security interests or the safety of any individual. A copy of each such notice shall be sent forthwith to the Commissioner, and a copy shall be given to the inmate who is visited by the visitor.

(6) Every superintendent's notice pursuant to 103 CMR 483.16 (5) (c) and (d), shall advise the visitor that he may seek a review or reconsideration of the barring, suspension or restrictions by the superintendent by sending him a letter within 15 business days. The visitor's letter shall include a detailed narrative describing the incident and setting forth the reason the visitor feels the bar, suspension or restriction should be lifted. The visitor may also request an informal meeting with the superintendent or a designee.

(7) The superintendent shall review any visitor's letter and shall respond no later than two weeks from receipt of a letter seeking review or reconsideration of any bar, suspension or restriction still in effect. The superintendent may take any action he deems necessary to resolve questions raised by a visitor's letter including, but not limited to, additional investigation of the facts, consultation with the Commissioner, the Department's Legal Office, or the conducting of an informal meeting or conference. After review, the superintendent may eliminate, reduce or modify the specific limitations on visiting. No person shall be penalized for exercising the rights of appeal provided by 103 CMR 483.00.

(8) Before any attorney or any of the officials listed in 103 CMR 483.11(2)(a), is excluded, the superintendent or other officer in charge shall be consulted.
   The superintendent shall consult with the General Counsel regarding any attorney and the Commissioner regarding any of the officials listed in 103 CMR 483.11(2)(a), prior to any bar. The superintendent shall then make the decision as to whether exclusion is appropriate. Within 15 business days of any such exclusion, the superintendent shall take any of the actions listed 103 CMR 483.16(5). In addition to rights to seek reconsideration or review by the superintendent, pursuant 103 CMR 483.16(6), the attorney or official may immediately appeal any exclusion to the Commissioner.

(9) Whenever an inmate is transferred out of an institution whose regular visitor is currently suspended or barred from visiting, the superintendent of the institution to which he is transferred shall be notified by the sending institution of the suspension or bar. The suspended visitor may apply to the Superintendent of the new institution for permission to visit. The superintendent may allow the visit or deny visitation for a period not to exceed the original suspension.

(10) Nothing in 103 CMR 483.00 shall in any way impair the superintendent's authority pursuant to M.G.L. c. 127, §37 to exclude a visitor whenever, in the superintendent's opinion, admitting that person to visit would be injurious to the best interests of the institution, or the superintendent's and Commissioner's authority pursuant to M.G.L. c. 127, §36 to deny permission to visit.

483.17   Visiting Records

(1) A card shall be kept for every inmate on which shall be recorded the name of every person who visits that inmate and the dates on which those visits occur. This card shall be transferred along with the inmate's institutional file whenever the inmate is transferred.

(2) Each institution shall keep in a permanent chronological file all request to visit inmate forms and all visitor sign-in sheets.

438.18   Time Limits

   All procedural time limits set forth in 103 CMR 483.00 are directory and may be modified by the Superintendent or Commissioner.

483.19    Emergencies

Whenever in the opinion of the Commissioner, Deputy Commissioner or the Superintendent of a state correctional institution, an emergency exists which requires suspension of all or part of 103 CMR 483.00, the Superintendent may order such suspension except that any such suspension lasting beyond 48 hours may be authorized by the Commissioner.

483.20    Responsible Staff

The superintendent of each institution shall be responsible for implementing and monitoring 103 CMR 483.00.

483.21    Annual Review

103 CMR 483.00 shall be reviewed at least by the Commissioner or a designee. The party or parties conducting the review shall develop a memorandum to the Commissioner with a copy to the central policy file indicating that the review has been completed. Recommendations for revisions, additions or deletions shall be included for the Commissioner's written approval.

483.22    Severability

If any article, section, subsection, sentence, clause or phrase of 103 CMR 483.00 is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the Commissioner or otherwise inoperative, such decision shall not affect the validity of any other article, section, subsection, sentence, clause or phrase of 103 CMR 483.00

Minor Consent Form

To the parent(s) or guardian of minor:

Please complete the questions below and have this application notarized. (You must sign in the presence of the Notary Public). Completed applications and copies of the birth certificate must be forwarded to the Superintendent of
_____.
(Insert the name and address of the institution here)

1. Name of inmate to be visited:_____
2. Name of minor(s):_____
3. Date of birth of minor(s):_____
4. Relationship of minor(s) to inmate:_____
5. Any restrictions to be placed on "visit by minor" (i.e., only a specific day, to be escorted by a particular individual, etc.)**Please designate the individual(s) you are authorizing to escort the minor(s) to this facility.**

Name and address of parent or guardian:_____
_____

Daytime phone number of parent or guardian:_____
By signing below I am authorizing the above mentioned minor to visit your facility accompanied by the individual(s) designated for the purpose of visiting the inmate listed above.

_____
**Signature of parent or guardian     Date**


_____
**Signature of Notary Public    Date    Expiration**
_____Do not write below this line_____

To:_____
Upon reviewing your request for, I have decided to:

( ) Approve       ( ) Deny your request effective:_____


_____
Superintendent