UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10083-FDS

SHEKEIRA SPRINGER, et al.,
    Plaintiffs,
v.

BRUCE GELB, et al.,
    Defendants.

## PROTECTIVE ORDER

Plaintiff Shekeira Springer ("Plaintiff Springer") is a private citizen and Plaintiff Donald Williams ("Plaintiff Williams") is an inmate incarcerated at Souza-Baranowski Correctional Center ("SBCC"). The named Defendants are SBCC Superintendent Bruce Gelb; SBCC Deputy Superintendent Osvaldo Vidal; and then Inner Perimeter Security Commander Nestor Cruz (collectively as "Defendants").

Plaintiff Springer alleges that the Defendants violated her Fourteenth Amendment due process rights, in violation of the Department of Correction ("Department") Visiting Procedure regulation, 103 CMR 483.11, Who May Visit an Institution, and 103 CMR 483.16, Exclusion of Visitors, when she was barred from visiting Plaintiff Williams for one year after drugs were found in the non-contact South Special Management Unit ("SMU") visiting room. Plaintiff Springer further alleges that her Fourth Amendment rights were violated when her cell phone was searched. Plaintiff Williams seeks a declaration that the SBCC 483 Visiting Procedure, as it pertains to inmates in the SMU for administrative or protective reasons, violates the Department's Special Management regulation, 103 CMR 423.09(1)(e), Visitation.

Plaintiffs' counsel has propounded discovery seeking the disclosure of certain documents/surveillance video, including documents/surveillance video that constitute or contain

Intelligence Information[1] and Criminal Offender Record Information ("CORI") as defined by G.L. c. 6, § 167.[2] For the reasons set forth below, the parties, by their respective counsel, move that the Court enter this Protective Order ("Order") to facilitate the disclosure of certain Intelligence Information and CORI to Plaintiffs' counsel, as well as other confidential discovery materials by either party, subject to the terms and conditions set forth below.

**1. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL –

---

[1] "Intelligence information" is defined as "records and data compiled by a criminal justice agency for the purpose of criminal investigation, including reports of informants, investigators or other persons, or from any type of surveillance associated with an identifiable individual. Intelligence information shall also include records and data compiled by a criminal justice agency for the purpose of investigating a substantial threat of harm to an individual, or to the order or security of a correctional facility."

[2] "CORI" is defined as "records and data in any communicable form compiled by a Massachusetts criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release. Such information shall be restricted to that recorded as the result of the initiation of criminal proceedings or any consequent proceedings related thereto. Criminal offender record information shall not include evaluative information, statistical and analytical reports and files in which individuals are not directly or indirectly identifiable, or intelligence information. Criminal offender record information shall be limited to information concerning persons who have attained the age of 17 and shall not include any information concerning criminal offenses or acts of delinquency committed by any person before he attained the age of 17; provided, however, that if a person under the age of 17 is adjudicated as an adult, information relating to such criminal offense shall be criminal offender

SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential or highly confidential nature of the information or material disclosed and sought to be protected hereunder. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. The designation by either party of information or materials provided by Defendants as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be construed to restrict the right of the Department, its officials, employees and contractors, to utilize such information in the ordinary course of the operation of the correctional institutions of the Commonwealth and the provision of care and custody to inmates confined at such institutions.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney[3] or paralegal under supervision of an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential information, or that are identified by Defendants as concerning institutional safety and security, sensitive intelligence information, or other information which Defendants have determined that the disclosure of such documents would pose unreasonable safety and security risks or reveal intelligence information of a sensitive nature including surveillance information or investigative techniques, including, but not limited to, personal

---

record information. Criminal offender record information shall not include information concerning any offenses which are not punishable by incarceration."

[3] An attorney who reviews the documents and designates them as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the

information, CORI, evaluative information, inmate records, or personnel records. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public domain may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

**4. Documents Which May be Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Notwithstanding paragraphs 2 and 3, above, any party may designate documents as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if the producing party in good faith believes that disclosure of such documents to the parties themselves would create a risk of harm not adequately addressed by the designation of such documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may not be disclosed to the parties without prior written consent of the producing party as provided for in paragraph 9(b). All other provisions of this Order regarding documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall also apply to documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. All records and information provided pursuant to this Order must be identified as being subject to this Order and must bear designations indicating the level of confidentiality to which they are subject. For example, all documents produced subject to this Order that contain Intelligence Information or CORI or as defined herein, must bear a clearly legible designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." These documents must also indicate the basis for this designation with a clearly legible designation, such as: "Intelligence Information" or "CORI" or any applicable combination thereof.

---

District of Massachusetts. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

**5. Intelligence Information.** Defendants state that the aforementioned Intelligence Information sought consists of certain records, communications, and/or surveillance videotape concerning the introduction/interception of drugs at SBCC. Defendants assert that the confidentiality of Intelligence Information that may reveal the identity of confidential informants or the methods utilized to introduce/intercept drugs must be preserved in order to maintain security at SBCC and the safety of inmates and staff. Department regulations preclude the dissemination of Intelligence Information to inmates or their counsel.[4] In addition, visitors to SBCC have a right to privacy. Subject to the conditions of this Order, Defendants will provide such Intelligence Information to Plaintiffs' counsel with the names and identifiers of other inmates and other visitors redacted. Any documents that consist of or contain Intelligence Information shall not be disseminated to Plaintiffs or to any current or former inmate, or except as provided herein, to anyone who is not employed by Goodwin Procter LLP.

**6. CORI.** Access to and dissemination of CORI is governed by G.L. c. 6, § 168, et seq. This Order is intended to facilitate the dissemination of CORI pertaining to inmates in a manner which protects the privacy of those inmates. Therefore, subject to the conditions of this Order, Defendants will provide Plaintiffs' counsel with inmate names and identifiers redacted. Documents that consist of or contain CORI shall not be disseminated to Plaintiffs or to any current or former inmate, or except as provided herein, to anyone who is not employed by Goodwin Procter LLP.

**7. Redactions.** Information which does not pertain to the issues in this case shall be redacted, and a log will be provided detailing the nature of each redacted portion. With regard to other inmates and other visitors, Defendants will utilize a uniform identification protocol which

---

[4] Massachusetts statutes define but do not provide for the dissemination of Intelligence Information. The dissemination of Intelligence Information is prescribed by Department regulations. Specifically, 103 CMR 157.07,

assigns a permanent alias to each individual whose identity is redacted (e.g., Inmate A, Inmate B; Visitor 1, Visitor 2). Under this protocol, a single alias per individual will be used consistently across all materials redacted pursuant to this Order.

**8. Rights of Plaintiffs Not Limited.** Nothing in this Order shall limit the rights of Plaintiffs or Plaintiffs' counsel to (1) seek further information regarding specific redactions; or (2) challenge Defendants' redactions and bring the issue before this Court. Furthermore, nothing in this Order shall limit the rights of Plaintiffs or Plaintiffs' counsel to request additional information from Defendants, including the identification of potential witnesses, or to subpoena such witnesses.

**9. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at the time of the deposition or in writing within 30 days after having received a copy of the deposition transcript. Deposition testimony so designated shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until 30 days after delivery of the transcript by the court reporter. Within 30 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or a copy of the transcripts with the confidential excerpts redacted. Thereafter, those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation or copy of the transcripts with the confidential excerpts redacted shall waive the

---

Access to and Dissemination of Evaluative Information, states: "An individual or the individual's representative shall not

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. If deposition excerpts have not been designated as confidential pursuant to this Order, they are not to be treated as sealed documents when filed with the Court.

**10. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 9(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may be shown only to Plaintiff Springer, provided that Plaintiff Springer is not a former inmate in any jurisdiction and has not been convicted of a felony in any jurisdiction. Plaintiff Springer however, may not be provided with a copy, be permitted to copy, or take verbatim notes of documents so designated.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

---

have access to intelligence information pertaining to the individual."

(4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5) **Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Plaintiffs' counsel and all others bound by this Order may not disseminate, provide, show or describe documents from Defendants marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to any person who is a current or former inmate in any jurisdiction or who has been convicted of a felony in any jurisdiction.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under

this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents. If a party produces confidential information without the required CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. A party shall not be deemed to have waived any right to designate material as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by allowing inspection of such material prior to designation of such material as confidential prior to its disclosure.

11. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be filed under seal only in accordance with Local Rule 7.2. If the contents of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential

version. The public version shall contain a redaction of the contents of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the Clerk. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk in accordance with Local Rule 7.2.

**12. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**13. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

**(a) Objection to Confidentiality.** After receipt of any document designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b) Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the

designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The designating party bears the burden of establishing that the material is entitled to protection as confidential information. Any material that is designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER that is the subject of a challenge shall remain subject to this Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

**14. Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.2. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**15. Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**16. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** On request of the producing party after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 9(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

**(c) Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**17. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.

**18. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or

information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: January 8, 2015

_____
United States District Judge
/ DENNIS SAYLOR