**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHEKEIRA SPRINGER and<br>DONALD WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE GELB, SUPERINTENDENT OF<br>SOUZA-BARANOWSKI CORRECTIONAL<br>CENTER;  OSVALDO VIDAL, individually;<br>LT. NESTOR CRUZ, individually; and<br>OFFICER JOHN DOE, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 13-10083-FDS |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF VIDEO**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1 of the Local

Rules of the District of Massachusetts, Plaintiffs Shekeira Springer and Donald Williams

("Plaintiffs"), submit this Memorandum in Support of their Motion to Compel Production of

Video.  In support of the motion, Plaintiffs rely on the attached declaration of M. Frank Bednarz

and its exhibits.

As set forth below, the motion should be granted because Defendants' objection to

producing the video is based on state CORI law, which does not govern discovery in Federal

actions.[1]  Alternatively, production of relevant documents may be compelled under state law,

especially to under a protective order such as the one previously entered in this case.

---

[1] As to video depicting inmates besides Mr. Williams,  Defendants oppose production, citing Massachusetts
Criminal Offender Record Information ("CORI") law and regulations.  As to video depicting visitors besides Ms.
Springer, Defendants object to production based on departmental policy concerning visitors' privacy.

Plaintiffs state as follows:

### Background of Suit

1.      Plaintiffs' lawsuit is brought pursuant to 42 U.S.C. § 1983 alleging constitutional

violations by the Superintendent of Souza-Baranowski Correctional Center ("SBCC").

Plaintiffs' lawsuit also seeks relief under § 1983 from corrections officers employed by the

Department of Correction ("DOC") in their individual capacity.

2.      Plaintiff Springer alleges that the Defendants violated her Fourteenth Amendment

due process rights in violation of DOC Visiting Procedure regulations when she was barred from

visiting Plaintiff Williams for one year after putative drugs were found in the no-contact South

Special Management Unit ("SMU") visiting room in SBCC on June 3, 2012.  Plaintiff Springer

further alleges that her Fourth Amendment rights were violated when her cell phone was

searched at SBCC without probable cause.

3.      Plaintiff Williams seeks a declaration that the SBCC 483 Visiting Procedure, as it

pertains to inmates in the SMU for administrative or protective reasons, violates DOC's Special

Management regulation, 103 CMR 423.09(1)(e), "Visitation."

4.      Defendants have in their possession, custody, or control one or more surveillance

videos taken inside SBCC on June 3, 2012, which records events related to the discovery of

drugs in the South SMU visiting room.

5.      The surveillance video(s) are relevant and discoverable information that directly

pertains to the claims and defenses in this lawsuit.[2]  For example, the video(s) may indicate who

placed the drugs in the South SMU visiting room (and thus that Defendants' suspensions was

---

[2] Plaintiffs do not know how many videos exist.  As discussed *infra*, Defendants have not reviewed the video(s).
  Therefore, Defendants have not advised Plaintiffs concerning the number, length, or content of the video(s).

arbitrary), and may show the response of DOC personnel to the discovery of the drugs, including the identity of the officer who searched Plaintiff Williams' cell phone.

### Plaintiffs' Attempts to Obtain Requested Discovery

6.      On August 25, 2014, Plaintiffs served their First Set of Requests for Production ("First RFPs") on Defendants.  Request Number 4 of the First RFPs requested the surveillance video from SBCC related to the facts in the case.  *See* Bednarz Decl., Ex. 1 (First RFPs).

7.      On October 24, 2014, Defendants responded to the First RFPs.  Defendants' response neither committed to produce the surveillance video, nor did it make any objection to production of the video.  Instead, in their response, Defendants stated that, "[t]he surveillance videos have been requested," but did not indicate whether any such videos exist.  "To the extent that the surveillance videos exist, Defendants reserve the right to objection, as said videos must first be viewed by Defendants' counsel and discussed with Defendants."  *See* Bednarz Decl., Ex. 2 (Response to First RFPs).  As of March 10, 2015, Defendants' counsel still had not viewed the video(s).  *See* Bednarz Decl. ¶ 17.

8.      On January 8, 2015, a comprehensive protective order was issued in this case. *See* Bednarz Decl. ¶¶ 9-12, Ex. 3 (Dkt. No. 96, Protective Order).  This protective order limits the distribution of material produced in discovery which has been designated to be "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  *See id.* at 3-5, 7-11.

9.      On January 28, 2015, following entry of the Protective Order (and following a Defendants' counsel's leave of absence from work for personal reasons), Plaintiffs' counsel M. Frank Bednarz emailed Defendants' counsel C. Raye Poole concerning the status of discovery, including Plaintiffs' outstanding requests for video evidence.  *See* Bednarz Decl. ¶ 13.

10.     On February 5, 2015, Attorney Poole, sent an email to Mr. Bednarz advising that

she had obtained the surveillance video(s) Plaintiffs requested in their First RFPs.  Attorney

Poole stated, however, that Defendants could not allow Plaintiffs' counsel to view the video

without redaction, because Ms. Poole believed that the video could contain identifiable images of

SBCC inmates, which allegedly constitutes Criminal Offender Record Information ("CORI").

*See* Bednarz Decl. ¶ 14.  Poole also indicated in her email that Defendants could not allow

Plaintiffs' counsel to view the video due to images of visitors to SBCC who may also appear in

the video(s).  *Id.*

11.     On February 25, 2015, from 2:30 to 3:30 p.m., counsel for both parties conferred

telephonically with Ms. Poole about outstanding discovery.  During the conference, Attorney

Poole reiterated Defendants' position that DOC employees could not permit outside counsel to

view the surveillance video without a court order directing Defendants to grant Plaintiffs'

counsel access to the video —even if the video was viewed by attorneys within the controlled

environment of DOC's offices.  *See* Bednarz Decl. ¶ 15.  Defendants' counsel said that her

position was based on CORI and concerns for the privacy of other visitors to SBCC.  *Id.*

12.     On March 10, 2015, from 2:00 to 2:30 p.m., Messrs. Bednarz and Christianson

conferred telephonically with Ms. Poole a second time concerning outstanding discovery.

Attorney Poole again stated that Defendants would not produce the surveillance video in the

absence of a court order due to objections based on Massachusetts CORI law and the privacy of

visitors to SBCC.  *See* Bednarz Decl. ¶¶ 17-18.

13.     During the March 10, 2015 teleconference, Attorney Poole also advised that

counsel for Defendants had not examined the video(s), did not know how many video(s) exist,

and did not know their overall length.  *See* Bednarz Decl. ¶ 17.

**Argument**

14.      CORI is defined as, "records and data in any communicable form compiled by a Massachusetts criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings . . . sentencing, incarceration, rehabilitation, or release."  M.G.L. ch. 6, § 167. Massachusetts law limits the circumstances under which CORI may be disclosed.  *See* M.G.L. ch. 6, §§ 167, *et seq.*[3]

15.      When federal substantive law controls a case, federal common law determines questions of privilege.  *Williams v. City of Boston*, 213 F.R.D. 99, 100 (D. Mass. 2003); *Krolikowski v. Univ. of Mass.*, 150 F. Supp. 2d 246, 248 (D. Mass. 2001).  Therefore, in this case, Massachusetts CORI and privacy law should not limit the scope of discovery.

16.      Moreover, even if Massachusetts state law were to control this case, the Court has power to issue an order granting Plaintiffs access to CORI.  "The [CORI] statute does not preclude this court from ordering disclosure of documents that contain CORI."  *Doe v. Lyons*, No. CIV. A. 96-0341, 1996 WL 751531, at *4 (Mass. Super. Ct. Dec. 23, 1996).  Here, inmates at SBCC have no "unreasonable, substantial, or serious invasion of [their] privacy" (*id.*) concerning the release of video that merely depicts their confinement at SBCC.  In fact, DOC freely provides information to allows the public to confirm the presence of any prisoner within DOC custody.[4]  Any additional invasion of privacy concerning limited release of video under protective order is reasonable and *de minimus*.

---

[3] The CORI law thus could not protect the images of *anyone*, other than arguably inmates.  Defendants contend that visitors' "privacy rights" precludes production of video depicting these visitors at SBCC on the day of the incident. Apparently, Defendants' position is that video depicting fully-clothed visitors is protected from discovery, even when discovery is conducted under the robust protective order entered in this case.

[4] Available at: https://www.vinelink.com/vinelink/initSearchForm.do?searchType=offender

17.     Therefore, production of the highly probative video ought to be compelled.  As noted above, a comprehensive protective order has already been entered in this case.  The protective order provides significant limitations on the Plaintiffs' ability to disclose confidential information or CORI.  *See* Bednarz Decl., Ex. 3 at 3-5, 7-11; *see also* Bednarz Decl. ¶¶ 9-12.

18.     Moreover, Plaintiffs' counsel stipulate that in light of Defendants' concerns about the privacy of visitors to SBCC, the video may be *initially* designated to be HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of the protective order.  This initial designation will limit Plaintiffs' counsel's ability to disclose the information contained in the video to Plaintiffs or to third-parties.  This designation should address Defendants' objection to producing the surveillance video on privacy grounds.

In view of the above facts and legal authorities, the Plaintiffs respectfully move this Court to enter an order compelling the Defendants to produce the surveillance video responsive to Request for Production Number 4 within seven days of the entry of the court's order on this motion.[5]  Defendants' counsel has represented that Defendants cannot assent to this motion.

---

[5] Although Plaintiffs have filed this motion in an effort to obtain production of the surveillance video as expeditiously as possible, the Plaintiffs reserve their right to challenge or object to the designation of the video or any other materials produced in discovery by the Defendants as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Additionally, Plaintiffs do not concede that the surveillance video or other materials produced by Defendants in fact contains CORI or information protected due to privacy concerns, nor that the surveillance video(s) or other production are otherwise privileged or protected from disclosure or dissemination.  Plaintiffs expressly reserve their right to contest that the surveillance video be entered into evidence with or without redaction at a later date.  The Plaintiffs' also reserve the right to challenge the applicability of Massachusetts CORI law, Massachusetts privacy law, or other state law privilege, production, or evidentiary doctrines to the issues in this case.  Plaintiffs will treat the entire surveillance video as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, but reserve their right to confer with Defendants concerning redaction and/or re-designation of specific video clips for use as evidence.

March 18, 2015                                    Respectfully submitted,

                                                 */s/ M. Frank Bednarz*

                                                 M. Frank Bednarz (BBO # 676742)
                                                 Eric Christianson (BBO # 691263)
                                                 Goodwin Procter LLP
                                                 53 State Street
                                                 Boston, MA 02109
                                                 mbednarz@goodwinprocter.com
                                                 Tel.: (617) 570-1000
                                                 Fax: (617) 523-1231


                                                 *Attorneys for Plaintiffs Shekeira Springer*
                                                 *and Donald Williams*


## CERTIFICATE OF SERVICE

I, M. Frank Bednarz, hereby certify that a copy of the foregoing document, filed through
the CM/ECF system, will be sent electronically to the registered participants as identified on the
Notice of Electronic Filing (NEF) on March 18, 2015.


    Dated: March 18, 2015                                    */s/ M. Frank Bednarz*